**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KALEIB COX**, <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Respondent. | Civil Action No. 22-5112 (ZNQ) <br><br> **OPINION** |

**QURAISHI, District Judge**

Kaleib Cox ("Petitioner" or "Movant") is a federal prisoner proceeding with a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"). (2255 Mot., ECF No. 1, 3.) Respondent filed an Answer containing a Motion to Dismiss on the basis that it is untimely. (Resp't's Answer, Mot. to Dismiss, ECF No. 8.) In reply, Petitioner filed Movant's Response to Government's Answer. (Movant's Resp., ECF No. 9.) Also before the Court is Petitioner's Motion to Expedite Cox's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 ("Motion to Expedite") asking the Court to expedite the adjudication of his 2255 Motion. (Mot. to Expedite, ECF No. 16.) Respondent did not file a response. For the reasons set forth below, Petitioner's 2255 Motion is dismissed as untimely. Respondent's Motion to Dismiss is granted. The Court denies a certificate of appealability. Furthermore, the Court dismisses Petitioner's Motion to Expedite as moot.

**I.    BACKGROUND**

On October 25, 2018, Petitioner was charged by criminal complaint with conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 (Count One). (Crim. Compl., Crim. No. 19-430, ECF No. 1, at 3.) The charges stemmed from Petitioner's involvement

with a large-scale criminal heroin trafficking conspiracy throughout Mercer County, New Jersey in 2017 and 2018. (*Id.*, at 3, 7–8.) On June 19, 2019, Petitioner pled guilty to Count One pursuant to a plea agreement. (Plea, Crim. No. 19-430, ECF No. 323, at 1–7.) On January 17, 2020, the Honorable Freda L. Wolfson, Chief United States District Judge, sentenced Petitioner to 108 months imprisonment. (2020 J. of Conviction, Crim. No. 19-430, ECF No. 338, at 1–5.) Petitioner did not file an appeal challenging his conviction or sentence. (2255 Mot., at 2.)

On August 30, 2021, Petitioner submitted a *pro se* letter raising claims of ineffective assistance of counsel and seeking appointment of counsel. (*Pro Se* Letter, Crim. No. 19-430, ECF No. 349, at 1.) On October 19, 2021, Chief Judge Wolfson appointed counsel to represent Petitioner. (Minutes, Crim. No. 19-430, ECF No. 350, at 1.) On July 15, 2022, appointed counsel filed a Supplemental Motion (Suppl. Mot., Crim. No. 19-430, ECF No. 352, at 1–18) along with Movant Kaleib Cox's Brief in Support of Motion Pursuant to 28 U.S.C. § 2255 (2255 Br., Crim. No. 19-430, ECF No. 352-1, at 1–15.) On September 30, 2022, counsel filed an Amended Supplemental Motion to include prior counsel's letter to the Court as exhibit 3, which was inadvertently excluded from the previous filing. (Am. Suppl. Mot., Crim. No. 19-430, ECF No. 354, at 20.) On December 1, 2022, Chief Judge Wolfson directed the clerk to docket the Amended Supplemental Motion and a copy of the Court's Order in a separate civil action. (Order, Crim. No. 19-430, ECF No. 355, at 1–2.) On January 12, 2023, the 2255 Motion was reassigned to the undersigned under Civil Docket Number 3:22-5112.[1] (Text Order, ECF No. 7.)

On January 23, 2023, Respondent answered and moved to dismiss Petitioner's 2255 Motion as time barred. (Resp't's Answer, Mot. to Dismiss, at 8–12.) On February 18, 2023,

---

[1] Inasmuch as both § 2255 filings at ECF No. 1, 3 are identical with the exception of exhibit 3, the Court will refer to the filings collectively as "2255 Mot."

Petitioner filed Movant's Response to Government's Answer.  (Movant's Resp., at 1–4.)  Accordingly, the matter is ripe for determination.

## II.     LEGAL STANDARD

To grant relief on a federal prisoner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the Court must find that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief.  *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005).  Moreover, because a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).  Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458–59 (D.N.J. 2003).

"In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous based on the existing record.'" *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of V.I. v. Forte,* 865 F.2d 59, 62 (3d Cir. 1989)).  A district court is required to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief.'" *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021); *see also* 28 U.S.C. § 2255(b).

## III. DISCUSSION

In his 2255 Motion, Petitioner raises three grounds for relief alleging the ineffective assistance of counsel. (2255 Mot., at 3–7.) First, Petitioner argues that counsel failed to object to incorrectly applied criminal history points, which led to an increase in his criminal history category (Ground One). (*Id.*, at 4–5.) Second, counsel failed to challenge Petitioner's conspiracy conviction as a qualifying offense for career offender designation (Ground Two). (*Id.*, at 5–6.) Finally, counsel failed to advise Petitioner of potential legal issues based on the career offender enhancement which would have prompted him to seek a direct appeal (Ground Three). (*Id.*, at 7–8.)

Petitioner argues that his 2255 Motion was timely filed within one year of the date on which facts supporting the claim could have been discovered. (*Id.*, at 11.) Petitioner cites to counsel's ineffectiveness for failing to challenge his career offender designation in light of the decision in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc), *reaffirmed in relevant part*, 17 F.4th 459 (3d Cir. 2021) (en banc). (*Pro Se* Letter, at 1.)

Respondent moves to dismiss the 2255 Motion on the basis that it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. 2255(f)(1), and alternatively it fails as a matter of law because counsel did not provide ineffective assistance of counsel. (Resp't's Answer, Mot. to Dismiss, at 8.) Respondent argues that filing the 2255 Motion within one year of the decision in *Nasir* does not form a basis for delayed accrual under 28 U.S.C. § 2255(f)(4).[2] (*Id.*, at 9–10.)

---

[2] Respondent suggests that Petitioner does not raise §§ 2255(f)(2) or (f)(3) as potential bases for delayed accrual, and that those paragraphs have no application in his case. (Resp't's Answer, Mot. to Dismiss, at 9, n 2.) The Court agrees and finds that even if Petitioner were attempting to argue

4

Respondent also argues that there is no basis for equitable tolling because Petitioner "does not identify what he did diligently to pursue his own rights or how extraordinary external forces precluded him from learning of the *Nasir* decision in time to file a § 2255 motion within the one-year limitations period." (*Id.*, at 12.)

In his response, Petitioner expands upon the substantive claims set forth in his 2255 Motion. (Movant's Resp., at 2–3.) However, he does not set forth additional arguments in response to Respondent's Motion to Dismiss. (*Id.*)

A. **Timeliness**

Petitioner's 2255 Motion was not filed within the statute of limitations period set forth in 28 U.S.C. § 2255(f)(1). Motions pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

§§ 2255(f)(2) or (f)(3), these provisions do not delay the accrual of the statute of limitations in the instant case.

"If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired." *Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999). A criminal defendant must file a notice of appeal in the district court within fourteen days of the entry of the judgment or the order being appealed. Fed. R. App. P. 4(b)(1). A judgment or order is entered for purposes of Rule 4(b) when it is entered on the criminal docket. Fed. R. App. P. 4(b)(6).

Respondent asserts that Petitioner's 2255 Motion is time-barred because it was filed seven months after the expiration of the limitations period. (Resp't's Answer, Mot. to Dismiss, at 8–9.)

Here, Petitioner pled guilty to Count One of the criminal complaint on June 19, 2019. (Plea, at 6.) On January 17, 2020, Chief Judge Wolfson sentenced Petitioner to 108 months imprisonment. (2020 J. of Conviction, at 1–5.) The judgment was entered on the criminal docket on the date of sentencing.[3] (*Id.*) Petitioner did not file an appeal of his conviction or sentence. (2255 Mot., at 2.) Therefore, Petitioner's conviction became final on January 31, 2020, or, fourteen days from January 17, 2020. Petitioner had until January 31, 2021, to timely file a § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). Petitioner's *pro se* letter was dated August 30, 2021, and filed on September 13, 2021. (*Pro Se* Letter, at 1.) Counsel filed a Supplemental Motion pursuant to § 2255 on July 15, 2022. (Suppl. Mot., at 1–12.) Even if the Court construes Petitioner's August 30, 2021, *pro se* letter as his initial 2255 Motion filing date, it was still untimely by approximately seven months. As such, the record shows that the 2255 Motion is untimely under § 2255(f)(1).

---

[3] The criminal docket indicates an entry date of January 19, 2020, which was a Sunday. The Court assumes this entry date is a typo, and for purposes of this 2255 Motion will construe that the judgment was entered on the criminal docket on January 17, 2020.

### B. Applicability of Delayed Accrual

Petitioner alleges that the one-year limitations period should be calculated from August 30, 2021, the date counsel made him aware of the *Nasir* decision, which he claims could have supported a challenge to his career offender designation. (2255 Mot., at 11; *Pro Se* Letter, at 1.)

Respondent argues that *Nasir* does not form a basis for delayed accrual because legal decisions "represent[ing] a change in law, not fact" do not trigger § 2255(f)(4)'s delayed accrual date. (*Id.*, at 9–10.)

28 U.S.C. § 2255(f)(4) delays the running of the statute of limitations period from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* "In other words, the prisoner has one year to file from the date on which he should have discovered the facts underlying the claims made in the § 2255 motion." *United States v. Johnson,* 590 F. Appx 176, 178–79 (3d Cir. 2014) (citing *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)). Diligence is demonstrated through "prompt action" by petitioner as soon as he is "in the position to realize" that he should act. *Johnson v. United States*, 544 U.S. 295, 308 (2005). "The important thing is to identify a particular time when diligence is in order." *Id.*

Here, Petitioner asserts a new legal basis for his claim and not the discovery of new facts. 28 U.S.C. § 2255(f)(4) applies to the discovery of facts that support the claim—not the legal basis for the claim. "[P]aragraph four of § 2255 is only triggered when a defendant discovers facts, not the legal consequences of those facts." *United States v. Pollard*, 161 F. Supp. 2d 1, 10 (D.D.C. 2001). While the Court of Appeals for the Third Circuit has not directly addressed this issue, other Courts of Appeal have said that legal decisions "representing a change in law, not fact" do not trigger § 2255(f)(4)'s delayed accrual date. *See Whiteside v. United States*, 775 F.3d 180 (4th Cir.

2016); *see also Harper v. United States*, No. 4:07-CR-00339, 2012 WL 32920, at *3 (M.D. Pa. Jan. 6, 2012) (holding that petitioner's contentions of acting with due diligence to determine the status of law do not trigger the application of § 2255(f)(4) because that subsection only applies to "facts"); *Wilder v. United States*, No. 10-0997, 2011 WL 3444178, at *6 (W.D. Pa. Aug. 8, 2011) (holding a federal court of appeals decision does not serve as a trigger for the statute of limitations under 28 U.S.C. § 2255(f)(4)); *United States v. Harrison*, 680 F. Appx 678, 680 (10th Cir. 2017) (holding that an amendment to the sentencing guidelines is not a "fact" relating to petitioner's criminal history and does not otherwise allow her to invoke § 2255(f)(4)); *Ingram v. United States*, 932 F.3d 1084, 1089 (8th Cir. 2019) (holding that a judicial decision interpreting the law does not constitute a "new fact" for purposes of § 2255(f)(4)). Thus, the clock under § 2255(f)(4) commenced when Petitioner, through the exercise of due diligence, could have discovered the factual predicate for his claims, not when he discovered or devised new legal theories based on previously known facts. *See Pollard*, 161 F. Supp. 2d at 10. Because the factual predicate for Petitioner's claim was available at the time he was sentenced—specifically the underlying convictions that informed the career offender designation—28 U.S.C. § 2255(f)(4) does not delay the accrual of the statute of limitations.

    **C.**    **Applicability of Equitable Tolling**

Because Petitioner's 2255 Motion was not filed within the statute of limitations period set forth in 28 U.S.C. § 2255(f)(1) and is not subject to delayed accrual pursuant to § 2255(f)(4), the Court will evaluate the applicability of equitable tolling.

"[T]he doctrine of equitable tolling permits untimely habeas filings in "extraordinary situations." *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). Equitable tolling is a remedy which should

8

be invoked "only sparingly." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also United States v. Bass*, 268 F. Appx 196, 199 (3d Cir. 2008). At the same time, courts "should favor flexibility over adherence to mechanical rules," and each decision should be made on a "case-by-case basis." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 650 (2010)).

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Mere excusable neglect is insufficient. *Thomas*, 713 F.3d at 174. There are no bright-line rules for determining when extra time should be permitted in a particular case. *Id.* (citing *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012)). Courts determine whether a petitioner has exercised reasonable diligence using a subjective test that "must be considered in light of the particular circumstances of the case." *Ross*, 712 F.3d at 799. And "there must be a causal connection, or nexus, between the extraordinary circumstances [the petitioner] faced and [his] failure to file a timely" § 2255 motion. *Id.*, at 803.

In his *pro se* letter, Petitioner appears to argue that counsel's failure to advise him of available challenges to his career offender designation based on the first *Nasir* decision was the reason for the delay in filing his 2255 Motion. (*Pro Se* Letter, at 1.) Petitioner concedes that *United States v. Hightower*, 25 F.3d 182 (3d Cir. 1994), was the controlling law when he was sentenced, but urges that counsel should have argued the principles of *Kisor v. Wilke*, 588 U.S. 558 (2019), which he says, "effectively overruled the rationale of *Hightower*." (2255 Br., at 8–9.) Petitioner argues that counsel should have used *Kisor* as the basis to preserve his appellate challenges to career offender status, which would have resulted in a "good chance that Movant's

9

appeal would still have been pending when *Nasir* was decided." *Id.* He also argues the COVID-19 pandemic created "challenges for communication, research, and the ability to pursue the § 2255 motion during his incarceration." (2255 Mot., at 11.)

Respondent asserts that there is no basis to apply equitable tolling because Petitioner fails to explain how he was diligent in pursuing his own rights. (Resp't's Answer, Mot. to Dismiss, at 11.) Respondent also argues that Petitioner offers no authority for the proposition that he is entitled to equitable tolling based solely on the actions of counsel, and in any event attorney malfeasance or non-feasance is typically not an "extraordinary circumstance" that justifies equitable tolling of a § 2255 motion. (*Id.*) Respondent also argues that the Third Circuit declined to apply equitable tolling for the movant in *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) who faced similar logistical challenges to Petitioner. (*Id.*)

Here, Petitioner has not met the first element of equitable tolling because he has not demonstrated that "extraordinary circumstances" prevented timely filing. *Pace*, 544 U.S. at 418. Petitioner impliedly argues that counsel's ineffectiveness for failing to preserve the career offender issue for appeal by arguing the principles of *Kisor* was the "extraordinary circumstance" that prevented the timely filing of his 2255 Motion. (Movant's Resp., at 2.) He further argues that his case would have been pending appeal when *Nasir* was decided, thus allowing his case to be remanded for resentencing. (*Id.*, at 3.) This argument is speculative at best because Petitioner cannot know with certainty that his case on direct appeal would not have already been resolved by the Appellate Division by the time *Nasir* was decided. Even if it was, there was no attorney malfeasance by failing to anticipate the *Nasir* decision based on the *Kisor* decision. (*See, e.g.*, *United States v. Foote*, No. 22-3059, 2024 WL 3811984, at *2 (3d Cir. Aug. 14, 2024) ("But *Nasir*

10

represented an about-face on that issue, and our Court has consistently held that "there is no general duty on the part of defense counsel to anticipate changes in the law.").

Next, Petitioner cites the COVID-19 pandemic as an "extraordinary circumstance" that created challenges for him to pursue the 2255 Motion while incarcerated. (2255 Mot., at 11.) Specifically, that "there has been and was a COVID pandemic making communication, research, and ability to pursue this motion more cumbersome for the incarcerated Movant." (*Id.*) Under these circumstances, the COVID-19 pandemic does not rise to the level of "extraordinary circumstances" to warrant equitable tolling. *See United States v. Shumante*, No. 18-645, 2021 WL 1851849, at *2 (D.N.J. May 7, 2021) (holding that it did not constitute extraordinary circumstances to justify equitable tolling when access to the prison library was curtailed to reduce the spread of COVID-19 because defendant could have submitted "a simple one-paragraph document" to preserve his rights under § 2255). Here, Petitioner could have submitted a one-paragraph letter to preserve his rights, as other prisoners were able to file motions during the COVID-19 pandemic.

The time for Petitioner to timely file his 2255 Motion expired on January 31, 2021. (2020 J. of Conviction, at 1–5.) COVID-19 was declared a pandemic by the World Health Organization ("WHO") on March 11, 2020.[4] Petitioner says that he did not learn of the basis for his claim until August 30, 2021, well after the deadline passed for the timely filing of a § 2255 motion. (2255 Mot., at 11; *Pro Se* Letter, at 1.) Therefore, the COVID-19 pandemic cannot reasonably be said to have been the impetus for Petitioner's belated filing since, according to Petitioner, he was not even aware of the basis for his claim until the limitations period had already expired. Thus, even if COVID-19 had not made pursuing his motion more challenging, Petitioner would still have filed his 2255 Motion approximately seven months after the limitations period expired. Petitioner's

---

[4] CDC COVID-19 Timeline, available at https://www.cdc.gov/museum/timeline/covid19.html (last visited December 9, 2024).

arguments about the COVID-19 pandemic are unpersuasive, and do not constitute extraordinary circumstances.

With respect to the second element of equitable tolling, Petitioner fails to establish that he "diligently pursued his right" to file a § 2255 motion. *See Pace*, 544 U.S. at 418. Reasonable diligence is determined using a subjective test that "must be considered in light of the particular circumstances of the case." *Ross*, 712 F.3d at 799. The Third Circuit, in *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999), found that plaintiff diligently pursued her rights to justify equitable tolling in a case where her attorney affirmatively misrepresented that he had filed a timely lawsuit. *Id.*, at 237–38. Prior to the filing deadline, plaintiff repeatedly called counsel to inquire about the filing and to request a copy of the complaint. *Id.*, at 238. Counsel assured her that he had timely filed the complaint when he actually filed one-day late. *Id.* Plaintiff moved to vacate the dismissal of the case upon learning from the Clerk's Office that the lawsuit was not timely filed. *Id.* Plaintiff also asked the district court to equitably toll the ninety-day statute of limitations period so that her suit would be deemed timely filed. *Id.*, at 239.

In contrast, Petitioner does not demonstrate that he attempted to diligently pursue his rights, other than blaming counsel for failing to cite a case that had not yet been decided. (*See* Pro Se Letter, at 1.) And even under those facts, Petitioner did not initiate contact with counsel. (*Id.*) Had he done so, that could have been a factor weighted in favor of diligent pursuit of his right to file a § 2255 motion. Nevertheless, Petitioner cites no authority for the proposition that he is entitled to equitable tolling based solely on the actions of counsel. *Bass*, 268 F. Appx at 199. The general rule is that attorney errors will be attributed to their clients. *Seitzinger*, 165 F.3d at 240 (citing *United States v. Boyle*, 469 U.S. 241 (1985)). Moreover, there was no attorney error here. Petitioner was sentenced under the law that existed at the time his judgment became final.

Accordingly, there is no basis to invoke equitable tolling and Respondent's Motion to Dismiss Petitioner's 2255 Motion as time-barred is granted.

## IV. CERTIFICATE OF APPEALABILITY

When a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner makes the following showing. "[T]hat jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

## V. CONCLUSION

For the reasons stated above, Petitioner's 2255 Motion is time-barred, and the doctrines of delayed accrual and equitable tolling are inapplicable. The Court grants Respondent's Motion to Dismiss as Petitioner's 2255 Motion is untimely. The Court finds that an evidentiary hearing is not warranted as the record conclusively shows Petitioner is not entitled to relief. *Booth,* 432 F.3d at 546. Finally, the Court dismisses Petitioner's Motion to Expedite as moot. A certificate of appealability will not issue. An appropriate Order follows.

Date: December 13, 2024

                                              _s/ Zahid N. Quraishi_
                                              **ZAHID N. QURAISHI**
                                              **UNITED STATES DISTRICT JUDGE**